IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TYRESE QUINN**                                                                          **PLAINTIFF**

**v.**                                                      Civil Action No.: 1:21cv162-SA-DAS

**WEBSTER COUNTY, MISSISSIPPI, SHERIFF
DAVID GORE, IN HIS OFFICIAL CAPACITY,
DEPUTY JACOB EDWARDS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, CITY OF EUPORA,
MISSISSIPPI, POLICE CHIEF GREGG HUNTER, IN
HIS OFFICIAL CAPACITY, AND OFFICERS AND JAIL
EMPLOYEE JOHN DOES 1-5, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES REPRESENTING JAILERS
OF WEBTER COUNTY JAIL AND/OR OTHER EMPLOYEES,
INCLUDING SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                                   **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Tyrese Quinn, by counsel, and files this his *Complaint* against Webster County, Mississippi, Sheriff David Gore, in his official capacity, Deputy Jacob Edwards, in his individual and official capacity, City of Eupora, Mississippi, Police Chief Gregg Hunter, in his official capacity, and Officers and Jail Employee John Does 1-5, in their individual and official capacities, to recover actual and punitive damages (against the individually-named Defendants) for the Defendants' acting in concert and conspiracy to violate Mr. Quinn's Fifth (5th), and Fourteenth (14th) Amendment rights to be free from cruel and unusual punishment and his right to receive health care while being detained pretrial. This suit alleges violations of 42 U.S.C. §1983, <u>Monell</u>, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county and city law enforcement acting in concert and under the color of law that evinces reckless disregard for Mr. Quinn's rights and privileges under the Constitution of the United States and under

State Law made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Pontotoc County, at 12 Ken Cove, Ecru, MS 38841.

2. Defendant Webster County, Mississippi ("Webster Co.") is a governmental entity that may be served with process upon Russell S. Turner, Chancery Clerk, located at 6333 MS Hwy 9, Suite 123, Walthall, MS 39771.

3. Defendant Sheriff David Gore ("Sheriff Gore") is an adult resident citizen of Webster County, employed by Webster County, and he may be served with process at his place of employment, Webster County Sheriff Department, located at 87 Government Avenue, Eupora, MS 39744.

4. Defendant Deputy Jacob Edwards ("Deputy Edwards") is an adult resident citizen of Webster County, employed by Webster County, and he may be served with process at his place of employment, Webster County Sheriff Department, located at 98 Government Avenue, Eupora, MS 39744.

5. Defendant City of Eupora, Mississippi ("City") is a governmental entity that may be served with process upon Gail Newton, City Clerk, located at 390 W. Clark Avenue, Eupora, MS 39744.

6. Defendant Police Chief Gregg Hunter ("Chief Hunter") is an adult resident citizen of Webster County, employed by the City of Eupora, and he may be served with process at his place of employment, EPD, located at 150 N. Dunn Street, Eupora, MS 39744.

7. Defendants John Does 1-5, whose identities are unknown to the Plaintiff at this time, are upon information and belief, are employees of the Webster County, Mississippi and/or the City of Oxford, Mississippi. All allegations and claims asserted herein against the name Defendants are incorporated herein by reference against John Does 1-5. Said John Does 1-5, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## JURISDICTION and VENUE

8. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and §2202 as this case involves a Federal Question based on Plaintiff's protected rights under the U.S. Constitution particularly the 5th, 8th, and 14th Amendments and 42 U.S.C. §1983, §1988. Plaintiff further invokes the supplement jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, common law claims of negligence and intentional torts.

9. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391(b) since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENT

10. During the early hours of approximately 1:00 a.m. and 2:00 a.m., on August 8, 2020, Tyrese Quinn was arrested by officers of the Eupora Police Department. He was then transported to the Webster County Jail for detainment. Upon arrival to the Webster County Jail, Mr. Quinn experienced significant physical trauma at the hands of the

present officers, jailers, and deputies. Despite having knowledge of Mr. Quinn's injuries, not a single employee of the City and/or County attempted to intercede or obtain immediate medical assistance for Mr. Quinn, until the following day. As a result of Defendants' intentional failure to provide prompt medical attention to Mr. Quinn, he suffered serious injuries and damages. This act violated both Federal and State law. Justice for these acts is sought by this lawsuit.

## FACTS

11. On or about August 8, 2020, Plaintiff was arrested by the City and charged with public drunkenness and disorderly conduct.
12. Plaintiff was transported to the Webster County Jail for detainment. Upon arrival to the County Jail and prior to entering the cell, Plaintiff's forehead was thrown against the bars of the jail cell.
13. While in the cell, Defendant Deputy Edwards removed his police vest and began a physical altercation with the Plaintiff.
14. At this time, various officers and/or deputies tased Plaintiff while he was being physically attacked by Defendant Deputy Edwards.
15. Following the physical attack, Defendant Deputy Edwards went back into Plaintiff's cell, mocked his injuries, and took photographs of the Plaintiff's injuries on his personal cellphone.
16. Eventually, an unidentified employee of Defendant Webster County advised Defendant Deputy Edwards to stop attacking Plaintiff.
17. Nevertheless, Plaintiff did not receive any medical attention on this date.

18. The next morning, Sheriff Gore instructed his deputies to take the Plaintiff to the local hospital for treatment relating to his injuries.

19. At all relevant times, each of the named Defendants were on duty at the Webster County Sheriff Department/Jail and/or City of Eupora's Police Department or were supervisors of those on duty.

20. The individually named defendant Deputy Edwards and John Does 1-5 were deliberately indifferent to the rights of Mr. Quinn to receive appropriate medical care and in this fashion conspired with an acted in concert with Webster County officials and policy, practice, or custom by refusing to timely order him into a medical facility that would have allowed him to be seen by a doctor, properly diagnosed with appropriate diagnostic machines and/or tests.

21. At all relevant times, the individual Defendants were working in their official capacities.

22. At all relevant times, Defendant Sheriff Gore was the commanding officer for Webster County, throughout the entire incident and responsible for the actions and/or omissions of the aforementioned Deputy Edwards and unidentified county officers.

23. At all relevant times, Defendant Chief Hunter was the commanding officer of the City of Eupora, throughout the entire incident and responsible for the actions and/or omission of the aforementioned unidentified police officers.

24. The resulting injuries sustained by Plaintiff were caused solely by the Defendants, in violation of Plaintiff's Civil and Constitutional rights, Mississippi State law, and

without any cause, provocation, or negligence on the part of Plaintiff contributing thereto.

**FIRST CAUSE OF ACTION**
**(Violation of Federal Due Process, Equal Protection, Excessive Force, and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

25. Plaintiff re-alleges and incorporates each and every preceding paragraphs as if fully set forth herein.

26. Defendant Deputy Edwards, while acting under the color of law, used excessive physical force when he threw Plaintiff's forehead into the cell bars and continued beating him within the cell. This act was unconstitutional in violation of Plaintiff's 5th and 14th Amendment Rights and objectively reasonable.

27. Force is excessive, and therefore violates the 4th Amendment, if it is not reasonable considering the circumstances facing the officer. See *Graham v. Connor,* 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that at the time of the incident, Deputy Edwards was under color of law; therefore his actions were excessive and unreasonable.

28. Defendant Does, while acting under the color of law, used excessive force when they tased Plaintiff as Deputy Edwards assaulted him within the cell. This act as unconstitutional in violation of Plaintiffs' 4th, 5th, and 14th Amendment Rights and objectively unreasonable.

29. Defendants ignored Plaintiff's request for medical assistance in violation of his due process rights and exerted cruel and unusual punishment by allowing him to suffer in excruciating pain without providing medical assistance for Mr. Quinn, who was physically injured by defendant officers/deputies. These acts were unconstitutional

in violation of Mr. Quinn's 5th, 8th, and 14th Amendment Rights. Mr. Quinn was in a pretrial status as a prisoner and this treatment was a violation of his due process right to be free from cruel and unusual punishment.

30. As a result, Plaintiff suffered serious injuries, and pain and suffering entitling Plaintiff to damages and punitive damages.

**SECOND CAUSE OF ACTION**
**(Monell under 42 U.S.C. §1983)**

31. Plaintiff re-alleges and incorporates each and every preceding paragraphs as if fully set forth herein.

32. At all relevant times, Defendant Webster County and Sheriff Gore maintained a custom, practice and/or policy of delaying and/or denying medical care to prisoners who didn't appear to be experiencing any traumatically caused serious medical injury. This long standing custom, practice and/or policy of failing to provide appropriate medical care to inmates and detainees of the Webster County Jail who complained of pain without obvious signs of injury exhibited deliberate indifference to the rights of individuals like Mr. Quinn who complained of serious pain and did not receive appropriate care. Instead of simply seeking medical assistance for Mr. Quinn, Defendant County jailers/deputies used cruel and unusual punishment against Plaintiff by ignoring his need to access medical facilities and proper equipment for the diagnosis and treatment of his injuries.

33. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiff, Mr. Quinn, herein and allowed for the individually-named Defendants to deprive Mr. Quinn of his rights under both Federal and State law.

34. Upon information and belief, the Webster County Jail personnel including "John Does" as well as Deputy Edwards failed to provide appropriate medical care for Mr. Quinn were improperly trained, supervised and retained in violation of the standards set out by the <u>Monell</u> doctrine. Furthermore, these Defendants responsible for ignoring Mr. Quinn's injuries were also improperly retained.

35. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant jailers, officers, deputies, and jail personnel, the Plaintiff was caused to suffer grave injuries, without fault or contribution by the Plaintiff.

**THIRD CAUSE OF ACTION**
**(Negligent Training, Supervision and Retention as to Defendants Webster County, Sheriff David Gore, City of Eupora, and Police Chief Gregg Hunter)**

36. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

37. At all relevant times, Defendant Webster Co., Sheriff Gore, City, and Chief Hunter had a duty to screen applicants for hire its respective Sheriff Department and Police Department, retention to is Sheriff/Police Department or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics which made the individual applicant unsuitable, unstable, or conflicted such employment.

38. At all relevant times, it was the duty of Defendant Webster County, Sheriff Gore, City, and Chief Hunter to sufficiently hire, train and retain personnel within the Sheriff and Police Deparmtent and at the supervisory, and lower ranked levels so as to

sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, deputies, police officers, jail employees and/or personnel.

39. Upon information and belief, Deputy Edwards was improperly trained, supervised and retained by Defendants Webster County and Sheriff Gore.

40. As a result of the Defendants' negligence in its training, supervision and retention of Deputy Edwards, Plaintiff was caused to suffer grave injuries without fault or contribution by him.

41. At the time Deputy Edwards and Does assaulted Mr. Quinn, they were acting pursuant to an official County and City policies, practices, customs and procedures overlooking and/or authorizing police official's excessive use of force. See *Monell v. New York County Dept. of Social Servs.,* 436 U.S. 658, 659 (1978).

### FOURTH CAUSE OF ACTION
**(Supervisory Liability under 42 U.S.C. §1983)**

42. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

43. Upon information and belief, Sheriff Gore and Chief Hunter were assigned to supervise and control the actions of the named and unidentified County and City employees, including Deputy Jacob Edwards.

44. These Defendants violated their supervisory duties by failing to ensure that Deputy Edwards and Does were properly supervised and controlled to do his job. These supervisory officials violated §1983's requirements.

45. This failure was a direct cause of Plaintiff's injuries.

46. Further, the County and City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the officers/deputies' acts were so egregious that the County and City should have had clear warning that the particular Deputy Edwards and Does posed a danger to citizens.

47. With respect to Defendant Deputy Edwards and Does, the need for additional or different training was necessary considering the circumstance of this incident. Defendant County and City knew that Defendant Deputy Edwards and Does were likely to engage in other acts of wrongful conduct, yet Defendant County and City continuously failed to discipline, supervise, or train Defendant Deputy Edwards and Does.

48. Considering the substantial risks posed by Defendant Deputy Edwards and Does, Defendant County and City's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

### FIFTH CAUSE OF ACTION
### (Civil Assault and Battery)

49. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

50. Defendants are liable for civil assault and battery. Plaintiff alleges that Defendant Deputy Edwards and Does intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his mind, spirit, and body by forcefully beating and tasing Mr. Quinn prior to entry into his cell and while inside of the cell,

during the incident. Defendants caused the Plaintiff to suffer emotional problems and mental anxiety as well as bodily pain and suffering.

51. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

52. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## SIXTH CAUSE OF ACTION
### (Intentional and/or Negligent Infliction of Emotional Distress)

53. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

54. Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon his mind, spirit, and body. By condoning and/or ratifying the acts of the Defendant officers/deputies involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

55. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interest and reputations, and to disregard the Plaintiff's rights to be the detriment of the Plaintiff.

56. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## SEVENTH CAUSE OF ACTION
### (Reckless Disregard)

57. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

58. Miss. Code Ann. §11-46-9(1)(c) provides that a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim…..(*c) arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.*

59. Defendant Deputy Edwards and Does, in the course and scope of their employment, beat and tased Mr. Quinn while being detained in the cell. This act evidenced a reckless disregard for the safety and well-being of Plaintiff.

### EIGHTH CAUSE OF ACTION
### (Bystanders' Liability)

60. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

61. Defendant Officers and Jail Employee Does were liable when they idly stood by, supported, and witnessed Defendant Deputy Jacob Edwards intentionally and negligently inflict extreme emotional distress upon Plaintiff's mind, spirit, and body by brutally beating Plaintiff while inside his cell.

62. As a direct and proximate result of the aforementioned Defendants' negligence, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## NINTH CAUSE OF ACTION
**(Failure to Intervene)**

63. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

64. At all material times, Deputy Jacob Edwards was acting under color of state law as an agent and employee of Defendant County. Deputy Edwards wore his official Webster County Sheriff's Department uniform and was acting within the course and scope of his duty as an employee of the Webster County Sheriff Department at all times relevant to this cause of action.

65. Plaintiff asserts Defendant Officers/Jailer Does violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and their Substantive Due Process rights by failing to intervene as companion officials and supervisors.

66. Official/Jailer Does have a duty to protect individuals from constitutional violations by fellow officers/deputies/jailers. Therefore, any officer/deputy/jailer who witnesses a fellow officials violating an individual's constitutional rights is liable to Plaintiff for failing to intervene.

67. Defendant Does failed to protect Plaintiff from a danger they proactively created and aggravated due to the fact that they had reason to know that Deputy Edwards had a history of misconduct.

68. Defendant Does also shared a law enforcement association where each respectively understood the policies and procedures regarding officer conduct and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

69. As a direct and proximate cause of Defendant Does' actions and inactions, Plaintiff suffered injuries.

**PRAYER FOR APPROPRIATE RELIEF**

70. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

71. As a result of the intentional, reckless disregard, grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

72. All Defendants are jointly and severally liable to the Plaintiff for the damages: injuries to left eye, head, and body as a whole; past, present and future pain, suffering and mental and emotional anguish, and all other damages to be proved at trial.

73. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein an amount to be determined by this Court.

74. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury under any applicable state of federal law and guidelines.

Respectfully submitted, this the 26th day of October, 2021.

**TYRESE QUINN, Plaintiff**

By:   */s/ Carlos E. Moore*
     **Carlos E. Moore, MSB# 100685**
     **Justin Smith, MSB# 104945**

OF COUNSEL:
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com
     jsmith@cochranfirm.com