IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TYRESE QUINN**                                                                           **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 1:21cv162-SA-DAS**

**WEBSTER COUNTY, MISSISSIPPI, SHERIFF
DAVID GORE, IN HIS OFFICIAL CAPACITY,
DEPUTY JACOB EDWARDS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, CITY OF EUPORA,
MISSISSIPPI, POLICE CHIEF GREGG HUNTER, IN
HIS OFFICIAL CAPACITY, AND OFFICERS AND JAIL
EMPLOYEE JOHN DOES 1-5, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES REPRESENTING JAILERS
OF WEBSTER COUNTY JAIL FND/OR OTHER EMPLOYEES,
INCLUDING SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                        **DEFENDANTS**

<u>**AFFIDAVIT OF MARK S. DUNSTON**</u>

STATE OF MISSISSIPPI

COUNTY OF JACKSON

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid County and State, and within my jurisdiction, the within named Mark S. Dunston who, after being by me first duly sworn, stated upon his oath that he had personal knowledge of the matters and things hereinafter set forth, was competent and qualified to so testify, and further deposes and says:

My name is Mark S. Dunston. I am an expert in the field of law enforcement with 39 years of experience. I have trained over forty thousand law enforcement, security and military professionals throughout the United States, U.S. Territories and other countries including Brazil, Hong Kong, China, and Canada. I have provided training as a content expert with the Law Enforcement Television Network (LETN) and the Professional Security Training Network

<span style="color:red">**EXHIBIT A**</span>

(PSTN). I am a graduate of the 191st Session of the FBI National Academy and the 20th session of the PERF/Harvard Kennedy School of Government Senior Management Institute for Police. My qualifications, including my training, education, experience, and testimonial history are more fully set forth on my Curriculum Vitae attached hereto, made a part hereof for all purposes, and marked Exhibit A to this Affidavit.

I have reviewed the Complaint, the Answer thereto, body-cam and closed circuit (jail) videos of the encounter, arrest, booking and incarceration of Mr. Quinn, Plaintiff's Answers to Interrogatories and Requests for Production of Documents, Plaintiff's Initial Disclosures, Webster County's Initial Disclosures, Initial Disclosures of the City of Eupora and Greg Hunter, the written statement of Dontarious Davis, the written statement of Morrisa McMullen, the Jail Charge Sheet for Plaintiff, and Webster County Jail Policies 8:01 (Use of Force & Deadly Force [Response to Resistance]) and 5:01 (Use of Force & Deadly Force). I have also reviewed the sworn depositions of Jacob Edwards, Tyrese Quinn, Sheriff David Gore and Morrissa McMullen.

My findings and opinions are based upon my review of the aforestated documents and media, and are further based upon my education, training, experience and expertise in the field of law enforcement, and are based upon reasonable probability

The law enforcement initial encounter with Mr. Quinn was initiated upon a complaint by a private citizen of an unknown subject attempting to gain entry to the home of the complainant at night. Mr. Quinn was visibly impaired and/or intoxicated and unpredictably non-compliant with the instructions of law enforcement personnel at the point of arrest. Law enforcement personnel appropriately managed the arrest and detention of Mr. Quinn and placement in the patrol vehicle met all applicable law enforcement standards.

Upon arrival at the jail Mr. Quinn continued to demonstrate unpredictable non-compliance and erratic behavior, Specifically, he would escalate his aggressive behavior without provocation, cursing and refusing to sit down and calm down when directed to. He shouted curse words (including the words 'fuck' and 'bitch') as well as racial epithets ('nigga'). He was appropriately booked into the Webster County Jail and escorted to his cell. On the way to the cell Mr. Quinn continued his loud behavior (the hour was after 2:00 a.m.) and was disturbing and waking inmates on the hall. Upon entry to the cell Mr. Quinn became belligerent with unstable and disruptive behavior. Deputy Jacob Edwards re-entered Mr. Quinn's cell to calm him down and stabilize the disturbance Mr. Quinn had/was creating. Mr. Quinn suddenly attacked Deputy Edwards, swinging a fist at his face and making contact. Video evidence confirms this, with two blows being delivered by Mr. Quinn to the face of Deputy Edwards before Edwards reacted to subdue Quinn. Deputy Edwards appropriately defended himself, took Mr. Quinn to the floor with reasonable and necessary force and, with the assistance of two Eupora police officers, controlled him.

Deputy Edwards' behavior in the face of a physical and violent attack was controlled and appropriate under the circumstances. Deputy Edwards did not use excessive force to control the violent Mr. Quinn and at all times acted in a controlled, effective, and professional manner. Any injury suffered by Mr. Quinn during this encounter was directly related to and caused by his violent attack upon the deputy and incidental to necessary, reasonable, and proper response to the threat Mr. Quinn demonstrated to the Deputy.

In my opinion personnel at the Webster County Jail, including Deputy Jacob Edwards, acted at all times in a reasonable, professional, controlled, appropriate and necessary manner towards Mr. Quinn, who himself was the aggressor in attacking Deputy Edwards. Deputy

Edwards used the minimum necessary force to secure the person of Mr. Quinn, who was violently attacking Edwards. Edwards' conduct was fully compliant with established written policies of the Webster County Sheriff's Department, specifically that certain policy number 5.02 and labeled "Use of Force and Deadly Force" appearing on bates numbered document p. 22 and attached hereto governing use of force. This policy complies with accepted law enforcement use of force policies throughout the United States.

THIS the 9th day of January, 2023.

_____
Mark S. Dunston

SWORN TO and subscribed before me on this the 9th day of January, 2023.

_____
NOTARY PUBLIC

My Commission Expires:

May 17, 2023